UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SCOTT A. CATES, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) | No. 2:15-cv-00259-WTL-DML |
| USA, | ) ) ) | |
| Respondent. | ) ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

The petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his sentence was unconstitutionally enhanced and he must be resentenced. For the reasons stated below, the motion for relief is **denied** and this action is **dismissed** pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

The petitioner was sentenced as a career offender under United States Sentencing Guideline § 4B1.1 and argues that because the residual clause of the ACCA is unconstitutionally vague, it follows that the identical residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague. The United States Supreme Court, however, held otherwise in *Beckles v. United States,* No. 15-8544, __ U.S. __, 2017 WL 855781 (U.S. March 6, 2017), concluding that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding of *Johnson* does *not* apply to cases, like the petitioner's, challenging guideline calculations. The petitioner was notified of this conclusion in the Entry of March 22, 2017, and was directed to show cause why this action should not be dismissed as lacking merit under *Beckles*. He has failed to respond and the Court now **dismisses** this action pursuant to Rule 4 because the holding in *Beckles* forecloses the petitioner's challenge to the enhancement of his sentence under the Sentencing Guidelines.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 2:13-cr-5-WTL-CMM-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/16/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SCOTT A. CATES
07243-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov